The sole issue on appeal was plaintiff's average weekly wage. Defendant contends that the second method of calculation under G.S. § 97-2(5) should be used. Plaintiff contends that the second method would not result in a fair and just result and that the third method should instead be used.
The third method of calculation is to be used when, if by reason of the shortness of the period of employment or the casual nature of employment, it would be impractical to compute an claimant's average weekly wage under either of the first two methods. G.S. § 97-2(5). Under such circumstances, the Commission is to examine the wages earned by a person of the "same grade or character employed in the same class of employment in the same locality or community." Id.
 ***********
In the prior Order, the Deputy Commissioner erroneously based plaintiff's average weekly wage on the amount listed on an Industrial Commission Form 21, which was approved on 25 September 1996. However, the Form 21 in question clearly notes that the average weekly wages listed upon it is subject to wage verification.
After careful consideration, the Full Commission finds that neither the first or second methods under G.S. § 97-2(5) would result in a fair and just calculation of plaintiff's average weekly wage and that the third method should be used. At present, there is insufficient evidence in the record upon which to determine plaintiff's average weekly wage using this method.
Accordingly, it is hereby ORDERED that the prior Order by Deputy Commissioner Jones is VACATED and this matter is REMANDED to a Deputy Commissioner for the taking of evidence relating to plaintiff's average weekly wage as based on the third method of calculation under G.S. § 97-2(5).
Defendants shall pay the costs.
 S/ ________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER